IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DAVID CAMPBELL,

    Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

No. 12-2848-STA-dkv

---

REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO DISMISS

---

On September 25, 2012, the plaintiff, David Campbell, filed a *pro se* complaint pursuant to, *inter alia*, the Employee Retirement Income Security Act of 1974 ("ERISA"), accompanied by a motion seeking leave to proceed *in forma pauperis*.[1] (Docket Entry

---

[1] In his complaint, Campbell named as defendants Marvin Windows of Tennessee, Inc., Marvin Lumber & Cedar Company, Benefit Management Services-MN Disability Claim Office, Hartford Financial Services, and Dr. Jamie Lewis. By order dated January 16, 2013, the court dismissed all claims against Marvin Windows of Tennessee, Inc., Marvin Lumber & Cedar Company, and Dr. Jamie Lewis. The court also dismissed all constitutional claims against all the defendants. Campbell was directed to submit any additional information about Benefit Management Services-MN Disability Claim Office and Hartford Financial Services within thirty days or file an amended complaint. Campbell was advised that if he failed to respond, the court would issue summons for Hartford Financial Services only. Campbell never responded, and on April 2, 2013, the court instructed the clerk to issue a summons only for Hartford Financial Services. Because Campbell provided no other information about Benefit Management Services-MN Disability Claim Office nor filed an amended complaint setting forth a claim against this entity, it is recommended that all claims be dismissed against Benefit Management Services-MN Disability Claim Office for failure to state a claim.

("D.E.") 1 & 2.)  On October 16, 2012, the court issued an order granting Campbell leave to proceed *in forma pauperis*, (D.E. 3), and subsequently referred the case to the *pro se* staff attorney for screening.  This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Referral, D.E. 5.)

Before the court is the May 23, 2013 motion of the defendant, Hartford Life and Accident Insurance Company ("Hartford"), improperly identified as "Hartford Financial Services," to dismiss with prejudice Campbell's claims for extracontractual relief and striking Campbell's demand for a jury trial.  (Def.'s Mot. to Dismiss, D.E. 12.)  Campbell has not filed a response to the motion, and the time for responding has expired.  For the reasons that follow, it is recommended that Hartford's motion be granted.

I. PROPOSED FINDINGS OF FACT

The factual allegations in Campbell's page-and-a-half complaint are sparse and consist of the following:

> The Hartford made a disability determination based upon a hired independent peer reviewer, Dr. Jamie Lewis. Dr. Lewis on three separate occasions tried to communicate with my treating physician, Dr. Cummings via phone only; but never made any contact with him thru any other form of communication. Dr. Lewis made false assessments pertaining to my level of functionality based upon sources unbeknown to me. The Hartford failed to consider surgeon, Dr. Carl Huff's statement pertaining to permanent restricts or limitations. The Hartford failed to provide physical therapy or any form of rehabilitation. The Hartford disregarded my treating physician's, Dr Cumming's report dated March 19, 2012.

2

> The Hartford terminated disability benefits March 2012.
> The Hartford alleged that Dr Cumming's stated
> restrictions suggest that at least two sanitary
> occupations can be performed. The Hartford's decision
> caused financial difficulties which caused extreme
> depression and anxiety. The Hartford invaded my privacy
> by filming my activities and exaggerated the activities
> I did.

(Compl., D.E. 1 at 1.) Campbell seeks the following relief:

> Money damages in the amount of $500,000.00
> Repayment of family and business loans
> Rehabilitation and Training
> Relocation to sanitary occupation locations

(*Id.* at 2.) Attached to Campbell's complaint are thirty-three pages of medical records, none of which are referred to in the complaint itself.

On May 23, 2013, Hartford filed the present motion, pursuant to Rules 12(b)(6), 12(f), and 39(a)(2) of the Federal Rules of Civil Procedure, seeking dismissal of Campbell's claims for extracontractual relief for failure to state a claim upon which relief can be granted and to strike his demand for a jury.

II.  PROPOSED CONCLUSIONS OF LAW

A.  <u>Standard for Dismissal under Rule 12(b)(6)</u>

To survive Rule 12(b)(6) dismissal following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the

complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

B.  Extracontractual Relief

Liberally construed, Campbell's complaint alleges that pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq.*, he is entitled to long-term disability ("LTD") benefits under a policy of insurance that was issued by Hartford to his former employer, Marvin Windows of Tennessee, Inc., and Hartford wrongfully terminated or denied his LTD benefits under 29 U.S. C. §1132(a)(1)(B).  In his complaint, Campbell seeks monetary damages in the amount of $500,000, punitive damages, repayment of family and business loans, rehabilitation, training, and relocation to sanitary occupation locations.

Compensatory and punitive damages-classic legal remedies-may not be recovered in an ERISA action, as only equitable remedies are available under the Act. *Johnson v. Reliance Std. Ins. Co.,* No. 05-2069M1/V, 2005 WL 3454329 at *2 (W.D. Tenn. Dec. 16, 2005); *Guardsmark, Inc. v. BlueCross & BlueShield of Tenn.*, 169 F. Supp. 2d 794, 801 n.8 (W.D. Tenn. 2001). The judge may, however, permit a monetary award in the form of restitution. *U.A.W Local 540 v. Baretz*, 159 F. Supp. 2d 961, 967 (E.D. Mich. 2001)(stating that while punitive and compensatory damages could not be recovered under ERISA, money damages in the form of restitution may be granted by the judge). Extracontractual relief is not available under ERISA. *Davis v. Ky. Fin. Cos. Ret. Plan*, 887 F.2d 689, 696-97 (6th Cir. 1989). Moreover, the Hartford insurance plan at issue does not provide coverage for repayment of loans, rehabilitation, training, and relocation. Accordingly, Campbell's claims for punitive damages and compensatory damages, repayment of family and business loans, rehabilitation, training, and relocation to sanitary occupation locations should be dismissed for failure to state a claim for which relief may be granted. Campbell can only pursue a claim for past-due benefits under the LTD plan.

C. <u>Jury Demand</u>

In his complaint, Campbell requested a jury trial. ERISA is governed by equitable principles and thus does not entitle a plaintiff suing for breach of fiduciary duties to a jury trial.

5

*Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). Courts have repeatedly denied such requests. *See, e.g., Ingram v. Metlife Disability Ins.*, No. 03-1121-T, 2003 WL 22005015 (W.D. Tenn. Aug. 12, 2003)(striking plaintiff's jury demand in ERISA case).

III. RECOMMENDATION

For the foregoing reasons, this court recommends that Campbell's claims for compensatory damages, punitive damages, repayment of family and business loans, rehabilitation, training, and relocation to sanitary occupation locations be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and his demand for a jury trial be stricken. This court also recommends that all claims in the complaint be dismissed against Benefit Management Services-MN Disability Claim Office for failure to state a claim.

Respectfully submitted this 22nd day of July, 2013.

s/ Diane K. Vescovo<br>
Diane K. Vescovo<br>
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.